IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BARRY FLETCHER, | ) | 8:16CV468 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| SCOTT FRAKES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Mr. Fletcher has been here before on a habeas petition under § 2254. Chief Judge Smith Camp denied him relief on September 15, 2015, in Case Number 4:14CV3214 and filings 19 and 20 therein. He has filed another habeas petition in this case arguing that the sentence involved in the previous federal case must be set aside because the Lancaster County, Nebraska prosecutors target black offenders like Fletcher for sentence enhancements as habitual criminals.

Respondent moves to dismiss on the ground that this is a second or successive petition and because permission to proceed with this second habeas corpus action has not been procured from the Court of Appeals as required by 28 U.S.C. § 2244(b)(2)-(3). I agree.

While Fletcher argues that he became aware of the challenged practice of the Lancaster County prosecutors only after he was in prison, he has not shown any reason why he could not have discovered this alleged practice much more promptly. He has the obligation to show that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. He has not done so. After all, he has been in prison since at least 2008 and he waited roughly seven years to raise this matter. If, as he suggests, Fletcher's sources of the "new evidence"

were other prisoners, then such "evidence" has been available to him for a very long time without him taking prompt action.

In this regard, it worth observing that his state court action asserting this same claim was dismissed, for among other reasons, because of lack of evidence. *State v. Fletcher*, CR 07-328 (District Court of Lancaster County, Nebraska, November 23, 2015), *summarily affirmed*, A-15-1160 (Neb. Ct. App., May 5, 2016)[1]. Among other things, the state trial court wrote:

> The Defendant has filed a Motion for New Trial based on newly discovered evidence, filing #51.

> Neb. Rev. Stat. § 29-2102(2) provides that if the motion and supporting documents fail to set forth sufficient facts, the Court may dismiss the motion without a hearing. In the case of a motion predicated on newly discovered evidence the facts which must be set forth in the motion and supporting documents is that there is evidence which (a) could not with reasonable diligence have been discovered prior to trial and (b) is of such a nature that if offered and admitted at the trial would have produced a substantially different result. Because the Defendant's motion fails to set forth such facts, it must be dismissed.

Finally, Fletcher cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Fletcher is not entitled to a certificate of appealability.

---

[1]The State of Nebraska has allowed this court the right to freely access state trial court records and state appellate court records through the JUSTICE case search system for trial courts and the SCCALES case search system for appellate matters.

IT IS ORDERED that Fletcher's petition (filing no. 1) is denied and dismissed with prejudice.  The motion to dismiss (filing no. 8) is granted.  A certificate of appealability has not and will not be issued.  A separate judgment will be entered.

DATED this 2nd day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

-3-