# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BARRY FLETCHER, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV468 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT FRAKES, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

Mr. Fletcher has been here at least twice before on a habeas petition under § 2254. Chief Judge Smith Camp denied him relief on September 15, 2015, in Case Number 4:14CV3214 and she did so with prejudice. He filed another habeas petition (8:16CV468) and I denied him relief with prejudice because that petition was a second or successive habeas petition and Fletcher had not obtained permission from the Court of Appeals to file the action as required by 28 U.S.C. § 2244(b)(2)-(3).

Fletcher has now filed a motion for relief under Federal Rule of Civil Procedure 60(b)(4) in this case claiming that underlying criminal conviction was void. The motion is frivolous.

"It is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt*, No. 4:07-CR-121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b)(4) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 F.

App'x 763, 767 n.1 (10th Cir. 2008).

He also alleges that this court lacked jurisdiction and he apparently claims the prior rulings of this court were void because the state court criminal decision is void. This, of course, is preposterous. I will not allow Fletcher to do indirectly what he cannot do directly–that is to use Rule 60(b)(4) to attack a state criminal conviction through the guise of attacking federal jurisdiction of an adverse ruling in actions Fletcher brought himself.[1]

IT IS ORDERED that Motion for Relief from Judgment Pursuant to Rule 60(b)(4) (filing no. 20) is denied and dismissed with prejudice.

DATED this 15th day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[1] At paragraph 4 of his motion, Fletcher states: "Attached hereto is the documentation showing that the state court judgment was void." (Filing no. 20 at CM/ECF p. 1.) I note that nothing was attached.